ORIGINAL

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

WAYNE A. MYERS
Chief, General Crimes Section

BARBARA EUCKER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  barbara.eucker@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 1 4 2024

at ___ o'clock and ___ min. ___ M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| vs. | ) | |
| | ) | DATE: |
| SHAUN CABINATAN, | ) | TIME |
| | ) | JUDGE: |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, SHAUN CABINATAN, and his

attorney, Cynthia Kagiwada, Esq., have agreed upon the following:

## THE CHARGES

1.    The defendant acknowledges that he has been charged in an

Information with violating Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A).

2.    The defendant has read the charge against him contained in the

Information, and that charge has been fully explained to him by his attorney.

3.    The defendant fully understands the nature and elements of the crime

with which he has been charged.

## THE AGREEMENT

4.    The defendant agrees to waive indictment and enter a voluntary plea

of guilty to a single-count Information, which charges him with possession with

intent to distribute a controlled substance, namely 50 grams or more of

methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II

controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(A).   The defendant is aware that he has the right to have

this felony asserted against him by way of grand jury indictment.   The defendant

hereby waives this right and consents that this offense may be charged against him

2

by way of the Information.   In return, the United States Attorney's Office for the District of Hawaii ("government") agrees to stipulate to the facts set forth below in paragraph 8 and refrain from charging the defendant with violating Title 21, United States Code, Section 846 for conduct prior to April 16, 2024.

5.    The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    The defendant enters this plea because he is in fact guilty of possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) as charged in Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7.    The defendant understands that the penalties for the offense to which he is pleading guilty include:

a.    A term of imprisonment of not less than 10 years and not more than life and a fine of up to $10,000,000, plus a term of supervised release of not less than 5 years and up to life.

3

b.     In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty.   The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.   The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

c.     **Loss of Federal Benefits.**   At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.   If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

4

## FACTUAL STIPULATIONS

8.      The defendant admits the following facts and agrees that they are not

a detailed recitation, but merely an outline of what happened in relation to the

charge to which the defendant is pleading guilty:

a.      On or about April 16, 2024, the defendant was driving a vehicle

in Honolulu, Hawaii, when officers with the Honolulu Police Department

conducted a stop of the vehicle. Subsequently, DEA agents lawfully searched the

vehicle.   At that time, the defendant possessed controlled substances, including

more than 50 grams of methamphetamine (actual), as well as a scale, two pipes,

and a replica firearm.   The defendant knowingly possessed the methamphetamine,

knew it was methamphetamine, and intended to distribute that methamphetamine

to others for profit.

9.      Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties

agree that the charge to which the defendant is pleading guilty adequately reflects

the seriousness of the actual offense behavior and that accepting this Agreement

will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10.     Pursuant to CrimLR 32.1(a) of the Local Rules of the United States

District Court for the District of Hawaii and Section 6B1.4 of the Sentencing

5

Guidelines, the parties stipulate to the following for the purpose of the sentencing

of the defendant in connection with this matter:

       a.     The defendant possessed with intent to distribute between 50

and 150 grams of methamphetamine (actual), resulting in a base offense level of

30, pursuant to U.S.S.G. §§2D1.1(a)(5) and (c)(5).

       b.     As of the date of this agreement, it is expected that the

defendant will enter a plea of guilty prior to the commencement of trial, will

truthfully admit his involvement in the offense and related conduct, and will not

engage in conduct that is inconsistent with such acceptance of responsibility.  If

all of these events occur, and the defendant's acceptance of responsibility

continues through the date of sentencing, a downward adjustment of 2 levels for

acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and

Application Note 3.

       c.     The United States Attorney agrees that the defendant's

agreement herein to enter into a guilty plea constitutes notice of intent to plead

guilty in a timely manner, so as to permit the government to avoid preparing for

trial as to the defendant.  Accordingly, the United States Attorney anticipates

moving in the Government's Sentencing Statement for a one-level reduction in

sentencing offense level pursuant to Guideline § 3E1.1(b), if the defendant is

otherwise eligible.    The defendant understands that notwithstanding its present

intentions, and still within the Agreement, the prosecution reserves the rights (1) to

argue to the contrary in the event of receipt of new information relating to those

issues, and (2) to call and examine witnesses on those issues in the event that either

the United States Probation Office finds to the contrary of the prosecution's

intentions or the Court requests that evidence be presented on those issues.

11.    The parties agree that notwithstanding the parties' Agreement herein,

the Court is not bound by any stipulation entered into by the parties but may, with

the aid of the presentence report, determine the facts relevant to sentencing.    The

parties understand that the Court's rejection of any stipulation between the parties

does not constitute a refusal to accept this Agreement since the Court is expressly

not bound by stipulations between the parties.

12.    The parties represent that as of the date of this agreement there are no

material facts in dispute.

### APPEAL/COLLATERAL REVIEW

13.    The defendant is aware that he has the right to appeal his conviction

and the sentence imposed.    The defendant knowingly and voluntarily waives the

right to appeal, except as indicated in subparagraph "b" below, his conviction and

any sentence within the Guidelines range as determined by the Court at the time of

7

sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.     The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.     If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.     The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14.     In connection with the collection of restitution or other financial

obligations that may be imposed upon him, the defendant agrees as follows:

a.      The defendant agrees to fully disclose all assets in which he has

any interest or over which he exercises control, directly or indirectly, including any

assets held by a spouse, nominee, or third party.   The defendant understands that

the United States Probation Office (USPO) will conduct a presentence

investigation that will require the defendant to complete a comprehensive financial

statement.   To avoid the requirement of the defendant completing financial

statements for both the USPO and the government, the defendant agrees to

truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office.   The defendant agrees to complete the disclosure

statement and provide it to the USPO within the time frame required by the United

States Probation officer assigned to the defendant's case.   The defendant

understands that the USPO will in turn provide a copy of the completed financial

statement to the United States Attorney's Office.   The defendant agrees to provide

written updates to both the USPO and the United States Attorney's Office

regarding any material changes in circumstances, which occur prior to sentencing,

within seven days of the event giving rise to the changed circumstances.   The

defendant's failure to timely and accurately complete and sign the financial

statement, and any written update thereto, may, in addition to any other penalty or

remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §

3E1.1.

      b.    The defendant expressly authorizes the United States

Attorney's Office to obtain his credit report.   The defendant agrees to provide

waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a

period extending 90 days after the date of sentencing.   The defendant also

authorizes the United States Attorney's Office to inspect and copy all financial

documents and information held by the USPO.

      c.    Prior to sentencing, the defendant agrees to notify the Financial

Litigation Unit of the U.S. Attorney's Office before making any transfer of an

interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned

under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15.    The defendant understands that the District Court in imposing

sentence will consider the provisions of the Sentencing Guidelines.   The defendant

agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16.    The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17.    The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial.   The trial could be either a jury trial or a trial by a judge sitting without a jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

11

b.    If the trial is a jury trial, the jury would be composed of twelve

laypersons selected at random.    The defendant and his attorney would have a say

in who the jurors would be by removing prospective jurors for cause where actual

bias or other disqualification is shown, or without cause by exercising peremptory

challenges.    The jury would have to agree unanimously before it could return a

verdict of either guilty or not guilty.    The jury would be instructed that the

defendant is presumed innocent, and that it could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c.    If the trial is held by a judge without a jury, the judge would

find the facts and determine, after hearing all the evidence, whether or not he or

she was persuaded of the defendant's guilt beyond a reasonable doubt.

d.    At a trial, whether by a jury or a judge, the prosecution would

be required to present its witnesses and other evidence against the defendant.    The

defendant would be able to confront those prosecution witnesses and his attorney

would be able to cross-examine them.    In turn, the defendant could present

witnesses and other evidence on his own behalf.    If the witnesses for the defendant

would not appear voluntarily, the defendant could require their attendance through

the subpoena power of the Court.

e.    At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

f.    At a trial, the defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Information necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

18.    The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.   The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19.    If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial.   The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure

13

and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.  The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20.    The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## **COOPERATION**

21.    The defendant agrees that he will fully cooperate with the United States.

a.    The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

14

b.    The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.    The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d.    The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

e.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

15

22.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter.   The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23.    Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense.   Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the single-count Information on the ground that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that:

16

a.      The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.      This Agreement does not require the prosecution to make such a request or motion.

c.      This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

d.      Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

24.     The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty.   Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

25.     To become effective, this Agreement must be signed by all signatories listed below.

17

26.    Should the Court refuse to accept this Agreement, it is null and void

and neither party shall be bound thereto.

AGREED:

CLARE E. CONNORS
United States Attorney
District of Hawaii


WAYNE A. MYERS                              Dated: _8/9/24_
Chief, General Crimes Section


BARBARA EUCKER                              Dated: _8/9/24_
Assistant U.S. Attorney


SHAUN CABINATAN                             Dated: _8/9/2024_
Defendant


CYNTHIA KAGIWADA                            Dated: _8/9/24_
Attorney for Defendant


18